## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICK CHASE,<br>S15790 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 20-cv–13-SMY** |
| vs. | ) | |
| | ) | |
| J. LASHBROOK, | ) | |
| F. LAWRENCE, | ) | |
| LORI OAKLEY, | ) | |
| TYLER BRADLEY, | ) | |
| ADMINISTRATIVE REVIEW BOARD, | ) | |
| DEBBIE KNAVER | ) | |
| GLADYSE C. TAYLOR, | ) | |
| WEXFORD UM, | ) | |
| M. SIDDIQUI, | ) | |
| DR. RITZ, | ) | |
| A. SCHATT, | ) | |
| E. PRANGE, | ) | |
| M. ZIMMER, | ) | |
| DR. CALDWELL, | ) | |
| ANGELA CRAIN and | ) | |
| MENARD CORRECTIONAL CENTER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Patrick Chase, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims the defendants were deliberately indifferent to his serious medical needs and seeks injunctive and monetary damages.

1

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims.  See 28 U.S.C. § 1915A(a).  Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint:  In April 2018, Plaintiff complained of pain and numbness in his left foot and toes caused by a cyst in his knee.  On May 16, 2018, Plaintiff saw NP Locke and complained that ibuprofen was not effective.  (Doc. 1, p. 7).  Locke told him that Menard does not treat cysts and that it would be a long and difficult process to get it removed.  (*Id.*).

Plaintiff was seen by Dr. Siddiqui on May 23, 2018 who told him ibuprofen was all they had.  Dr. Siddiqui ordered continuation of the ibuprofen and an x-ray, and LPN Schatt signed off on the order.  (*Id.*).  The x-ray was normal.  (*Id.*, p. 8).  Plaintiff saw Dr. Siddiqui again on October 19, 2018 who prescribed naproxen and submitted a referral for an ultrasound.  (*Id.*).  The ultrasound request was denied by Dr. Ritz and Prange.  Dr. Siddiqui did not appeal the denial.  (*Id.*).

Plaintiff filed an emergency grievance regarding the denial of the ultrasound on November 5, 2018.  (*Id.*).  Warden Lashbrook categorized it as non-emergency.  (*Id.*, pp. 8, 23).  Plaintiff also filed a regular grievance on the same date asking for removal of the cyst and pain management for nerve pain.  (*Id.*, p. 22).

On March 11, 2019, Plaintiff saw NP Zimmer and reported that the pain continued and naproxen was ineffective. (*Id.*, p. 9). Zimmer told him "they're not going to do anything else for pain, you're still walking." (*Id.*).

On April 3, 2019, Angela Crain and Dr. Siddiqui responded to Plaintiff's grievance seeking removal or drainage of the cyst and adequate pain management, noting the treatments and timeline and that he was to continue with conservative management. (*Id.*, pp. 10, 27). Defendant Bradley, a corrections counselor, submitted this response to Plaintiff's grievance. (*Id.*, pp. 10, 22). Defendants Lawrence and Oakley signed off on the grievance denial. (*Id.*, p. 10). Plaintiff appealed this denial to the Administrative Review Board ("ARB") where it was denied by Defendants Knaver and Taylor. (*Id.*, p. 11).

Plaintiff was approved for an ultrasound on May 23, 2019. (*Id.*). He saw Dr. Caldwell for a follow-up although the test results were missing from his chart. Dr. Caldwell prescribed naproxen despite being told it was ineffective.

On June 25, 2019, Plaintiff saw NP Zimmer, who informed him the ultrasound confirmed the existence of a Baker's cyst and referred him to orthopedic for drainage or removal of the cyst. (*Id.*). Dr. Ritz subsequently approved the referral.

Based on the allegations of the Complaint, the Court finds it convenient to designate a single Count in this *pro se* action:

> **Count 1:** **Eighth Amendment claim for deliberate indifference to a serious medical need by Siddiqui, Ritz, Schatt, Prange, Zimmer, Wexford and Caldwell.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice**

**as inadequately pled under the *Twombly* pleading standard.[1]**

<u>Preliminary Dismissals</u>

Plaintiff fails to adequately plead any claims against Defendants Lashbrook, Lawrence,

Oakley, Crain, Bradley, Knaver, Taylor, Menard Correctional Center or ARB. His only allegations

of wrongdoing against Lashbrook, Lawrence, Oakley, Crain and Bradley are that they did not

respond to his grievances in the manner he desired.  Prison grievance procedures are not mandated

by the Constitution, and alleged mishandling of grievances by persons who otherwise did not cause

or participate in the underlying conduct states no claim.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th

Cir. 2011).  Similarly, prison officials who simply processed or reviewed inmate grievances lack

personal involvement in the conduct forming the basis of the grievance, which precludes liability

under Section 1983.  *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).  The same holds true for

Knaver and Taylor, whose only involvement was denying Plaintiff's appeal of a grievance to the

ARB.

The ARB and Menard are improper parties to the case as "neither a State nor its officials

acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*,

491 U.S. 58, 71 (1989).  The ARB is an arm of the State of Illinois and Menard is part of IDOC,

an Illinois state agency.  As such, no claims are properly stated against them.

<u>Discussion</u>

Deliberate indifference to serious medical needs of prisoners may constitute cruel and

unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

---

[1]  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

To state a claim, an inmate must adequately allege that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has stated a colorable claim against Dr. Siddiqui, Ritz, Prange, Zimmer, Wexford and Dr. Caldwell. Plaintiff's cyst and ongoing severe pain arguably qualify as objectively serious medical conditions. Dr. Siddiqui, Zimmer and Dr. Caldwell are alleged to have persisted in ineffective courses of treatment after it was apparent they were not effective, which may constitute deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Ritz and Prange are alleged to have denied Plaintiff recommended care. The statements of Locke and Zimmer regarding the difficulty or impossibility of receiving treatment for a cyst at Menard are sufficient to suggest a policy or widespread practice of Wexford, the healthcare provider for Menard, and therefore adequately states a claim against it. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).

Plaintiff fails to state a claim against LPN Schatt however. He alleges she signed off on Dr. Siddiqui's treatment decision. The medical record attached to the Complaint simply states, "noted A. Schatt LPN" and lists the date and time. (Doc. 1, p. 17). The presence of a signature does not indicate any personal involvement in Dr. Siddiqui's treatment decision by Schatt, especially in light of the subordinate role of an LPN to a licensed physician in the medical treatment hierarchy; a nurse does not have a responsibility to second-guess a doctor's medical judgment when nothing about the course of care generally raised any obvious risks of harm. *See McCann v. Ogle Cty.*, 909 F.3d 881, 887 (7th Cir. 2018). Therefore, the claim will be dismissed as to LPN Schatt.

5

**Disposition**

For the foregoing reasons, all claims against Lashbrook, Lawrence, Oakley, Crain, Bradley, Knaver, Taylor, and Schatt are **DISMISSED without prejudice**.  All claims against Menard Correctional Center and the Administrative Review Board are **DISMISSED with prejudice.**  The Clerk of Court is **DIRECTED** to **TERMINATE** these defendants as parties in CM/ECF.

The Clerk of the Court is **DIRECTED** to **ADD** Alex Jones, Acting Warden of Menard, to this case in CM/ECF as a defendant in his official capacity only for purposes of carrying out any injunctive relief that may be awarded.

The Clerk of Court shall prepare for Defendants Siddiqui, Ritz, Prange, Zimmer, Wexford Caldwell and Jones (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his

6

whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 26, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**