IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK CHASE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-13-SMY |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| MOHAMMED SIDDIQUI, STEPHEN | ) |
| RITZ, ERIN PRANGE, MARY JO | ) |
| ZIMMER, REYNAL CALDWELL, and | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant Erin Prang's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 46) and Defendant Reynal Caldwell's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 48). Plaintiff Patrick Chase filed a response in opposition (Doc. 55).

Based upon the undisputed material facts in the written submissions of the parties, the Court finds that a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is unnecessary. For the following reasons, Prang's Motion for Summary Judgment is **DENIED** and Caldwell's Motion for Summary Judgment is **GRANTED**.

Chase filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Menard Correctional Center (Docs. 1, 7). He claims that Defendants were deliberately indifferent to his medical needs by failing to properly treat a cyst in his left knee that caused him pain and numbness beginning in April 2018 and continuing through June 2019. As to the moving Defendants, Chase specifically alleges that

Prange failed to approve a necessary ultrasound around October 2018 and that Caldwell failed to follow-up on an ultrasound and provided ineffective medication after May 2019.

## Factual Findings

The following facts are undisputed: On November 5, 2018, Chase submitted a grievance related to the medical treatment of his left knee cyst (Doc. 47-1, pp. 9, 11).  In the grievance, he states that he received an x-ray for the cyst in May 2018 but no further testing or follow up.  His doctor then requested an ultrasound in October 2018, but it was denied by Dr. Siddiqui and Dr. Ritz for Wexford.  He was denied adequate pain medication; the medication provided, Naproxen, was ineffective.  Chase's counselor responded on April 5, 2019 and referred him to an April 3, 2019 memo from the Health Care Unit ("HCU") outlining the care he received from April 29, 2018 to March 11, 2019 (Doc. 47-1, p. 10).  A grievance officer recommended that the grievance be denied on May 2, 2019 and the Chief Administrative Officer ("CAO") concurred on May 7, 2019 (*Id*. p. 8).   Chase appealed to the Administrative Review Board ("ARB") which recommended that the grievance be denied; the Acting Director of the IDOC concurred on May 30, 2019 (*Id*. p. 7).

Chase filed another grievance on March 11, 2019 related to his left knee cyst (Doc. 47-2, p. 14).  He again complained about the lack of medical care – cancelled appointments in August and November 2018, ultrasound denied by Dr. Ritz in October 2018, useless physical therapy in January and February 2019, and no further active treatment thereafter (*Id*. p. 14-15).  His counselor again referred him to the April 3, 2019 HCU memo (*Id*. p. 14, 16).  There is no evidence that Chase appealed this grievance to the CAO or the ARB.  Chase has identified no other relevant grievance.

## Discussion

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Under the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 742. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey*, 663 F.3d at 903. To properly exhaust administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit requires strict adherence to the exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

It is undisputed that Chase filed the November 5, 2018 grievance and that the grievance is fully exhausted in accordance with the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. However, Defendants argue that Chase did not submit a grievance related to the medical care provided by Prange and Caldwell. Chase argues that the lack of medical care spanned over a year and that he was not required to file a grievance every time he was denied medical care.

In this case, Chase asserts a deliberate indifference claim against multiple medical providers related to the same medical problem, a left knee cyst. He specifically claims that Prange denied an ultrasound in October 2018 and that Caldwell failed to review an ultrasound and provided ineffective care after May 23, 2019.

In the November 5, 2018 grievance, Chase mentions the denial of the ultrasound but does not specifically name Prange. Nonetheless, the grievance is sufficient to exhaust his administrative remedies against Prange. *See Jones v. Bock*, 549 U.S. 199, 219 (2007) (noting that grievances are not meant to mirror Complaints filed in federal court nor is a plaintiff required to set forth every theory of relief that he may present in a Complaint or to identify every defendant later sued.). He complained that he was denied an ultrasound by "Dr. Ritz for Wexford." The prison could review his medical records (which it did to respond to the grievance) to determine which person denied that type of care. *See e.g. Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("[Plaintiff] complained about an administrative decision – the cancellation of AHI services – and it belies reason to suggest that prison administrators at Lawrence were unaware of who was responsible for that decision."). Thus, the grievance served its purpose of notifying the prison of a problem and inviting corrective action as to Prange. *Turley*, 729 F.3d at 650.

However, Chase did not exhaust his administrative remedies as to Caldwell even under a continuing violation theory. While it is true that "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing," *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)[1], Chase filed no grievance naming Caldwell or referencing any care that Caldwell provided (or did not provide). Indeed, the November 5, 2018 grievance preceded Caldwell's treatment of Chase and is therefore insufficient to exhaust his administrative remedies. *See e.g. Barrow v. Wexford*, 793 Fed.Appx. 420, 423 (7th Cir. 2019) ("The grievances filed before this

---

[1] "Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released." *Jervis v. Metcheff*, 258 Fed. Appx. 3, 5-6 (7th Cir. 2007) (citing *Heard v. Sheahan*, 253 F.3d 316, 318–319 (7th Cir. 2001)).

lawsuit concerned events that preceded Dr. Trost's tenure as medical director, but he can be liable under § 1983 only for his own conduct.").

## Conclusion

For the foregoing reasons, Defendant Erin Prang's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 46) is **DENIED**. Defendant Reynal Caldwell's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 48) is **GRANTED**; Plaintiff's claims against Defendant Caldwell are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of this case.

**IT IS SO ORDERED.**

DATED:  September 9, 2021

2021.09.09
13:43:36 -05'00'

**STACI M. YANDLE**
**United States District Judge**